UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF RHODE ISLAND; UNIVERSITY OF RHODE ISLAND BOARD OF TRUSTEES; and J.P., alias<br>Defendants. | C.A. No. 25-cv-423-JJM-PAS |

## ORDER

Plaintiff Jane Doe, a student at the University of Rhode Island, was a victim of voyeurism by J.P. who filmed her in the shower of a gender-neutral bathroom in her dormitory at URI. She sued URI and the URI Board of Trustees (collectively "URI") under state law for negligence, defamation or false light, breach of contract, negligent infliction of emotional distress, punitive damages, under federal law for sex discrimination under Title IX, 20 U.S.C.A. § 1681, and sued J.P. for assault. ECF No. 30. URI moves to dismiss Count III (Punitive Damages), Count IV (Defamation/False Light), Count V (Title IX of the Education Amendments of 1972 ("Title IX")), and Count VI (Breach of Contract) under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 33.

## I. BACKGROUND

During the 2024-25 academic year, Jane was a URI freshman living on campus in Adams Hall, which included gender-neutral bathrooms. ECF No. 30 ¶ 17. On

April 29, 2025, Jane and her roommate went into the restroom when she noticed a male enter whom she did not recognize. *Id.* ¶¶ 18-19. After her roommate left the restroom, Jane entered a shower stall and undressed. *Id.* ¶ 22. As she showered, she noticed that the male was in the shower stall next to her, which was connected to her stall by a wall with openings at the top and bottom. *Id.* ¶ 23. Jane realized that the male was clothed and that there was no water running in his stall and then saw that he was filming her with a cell phone camera over her shower stall, which caused her to yell and confront the male who said he was sorry and fled the restroom. *Id.* ¶¶ 24-26.

Jane reported the incident to the "URI/South Kingstown Police Department," and police officers responded promptly and began an investigation, which included taking Jane's statement and reviewing campus security footage. *Id.* ¶ 27. Jane identified J.P. as the perpetrator from a photo lineup, a search warrant was issued for J.P.'s home. *Id.* ¶¶ 29, 30. J.P was arrested and charged with video voyeurism, a felony under Rhode Island law.[1] *Id.* Jane also reported the incident to URI's Office of Title IX Compliance ("Title IX Office"). *Id.* ¶ 36. The Title IX Office told Jane that the incident did not fall within the scope of URI's Title IX policies because J.P. was not a current URI student. *Id.* ¶¶ 36, 94.

Local media reported J.P.'s arrest. *Id.* ¶ 32. Jane alleges that a WPRI-TV reporter named Melanie DaSilva posted a story on the station's website indicating

[1] J.P. entered a no contest plea and a deferred sentence agreement to end his R.I. Superior Court criminal case.

that "URI said [Defendant J.P., Alias] is not affiliated with the school but knows one of the victims" but she denies that she knew J.P. before the April 29, 2025 incident.[2] *Id.* ¶ 33.

Jane alleges that the incident caused her to leave Adams Hall near the end of spring 2025 semester. *Id.* ¶ 31. She received accommodations from URI to complete her academic requirements for the spring 2025 semester. *Id.* She was notified in early June that, after a review of her academic record, she did not meet the eligibility requirements to retain a merit-based scholarship for the next semester, and she appealed this academic determination, and URI reinstated her scholarship during the summer. *Id.* ¶¶ 37-40.

Jane filed this complaint and subsequently amended it twice. URI's motion to dismiss several claims is now ripe before the Court.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011). It "augment[s] these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice."

---

[2] The Court is limited to Jane's allegations in considering URI's motion to dismiss. URI asserts that those allegations as to its response to media inquiries and statements made to the press are incomplete. URI reproduced its publicly available statements in its motion seemingly to show that it did not state that J.P. knew Jane.

*Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011) (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)).

A complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "detailed factual allegations" are not necessary, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the complaint must "contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 555)).

## III. DISCUSSION

URI moves to dismiss Jane's Title IX claim because she fails to plausibly allege pre-incident or post-incident liability as *Davis* requires. Specifically, she fails to allege that she was subjected to pervasive sexual harassment, URI did not respond with or have an official policy of deliberate indifference, and she did not plead causation. URI also moves to dismiss three of Jane's state-law claims on the merits but also advocates that, if the Court dismisses the Title IX claim, it should decline to exercise supplemental jurisdiction over all the state-law claims. Considering this posture, the Court will consider the federal claim first.

### A. Title IX

Because Title IX was enacted under Congress' power under the Constitution's Spending Clause, URI, as a federal funding recipient, is subject to a Title IX private action for damages based upon intentional sex discrimination. *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 639-644 (1999); *see* 20 U.S.C. § 1681(a). To establish such a claim, a plaintiff must allege:

> (1) that he or she was subject to "severe, pervasive, and objectively offensive" sexual harassment by a school peer, . . . (2) that the harassment caused the plaintiff to be deprived of educational opportunities or benefits . . . (3) [that the funding recipient] knew of the harassment, (4) in its programs or activities and (5) it was deliberately indifferent to the harassment such that its response (or lack thereof) is clearly unreasonable in light of the known circumstances.

*Porto v. Town of Tewksbury*, 488 F.3d 67, 72–73 (1st Cir. 2007) (quoting *Davis*, 526 U.S. at 650); *see Doe v. Trs. of Bos. Coll.*, 892 F.3d 67, 93 (1st Cir. 2018) ("To succeed on a Title IX deliberate indifference claim, a plaintiff must show that an official with authority to implement corrective measures was aware of and deliberately indifferent to an act of discrimination on the basis of sex."); *Morgan v. Town of Lexington, Mass.*, 823 F.3d 737, 745 (1st Cir. 2016) (explaining that severe sexual harassment creating a hostile environment can constitute actionable sex discrimination). Under Title IX, URI can only be held liable for its own intentional actions, not its negligent action and not for the actions of a third party. *Davis*, 526 U.S. at 640.

In this case, Jane does not allege that J.P. was a student or an employee at URI, making Title IX an atypical legal claim on the facts of her case. As URI points out, neither the United States Supreme Court nor the First Circuit has addressed whether Title IX liability attaches to a university in cases of alleged sexual

harassment of a student by an individual who is neither an employee nor a student at that university. Nevertheless, URI advocates that the Court should apply the same standard applied to student-on-student sexual harassment as established in *Davis v. Monroe County Bd. of Education* to determine whether Jane states a claim under Title IX. *See Hall v. Millersville Univ.*, 22 F.4th 397, 405-07 (3d Cir. 2022) (applying *Davis* to analyze a Title IX claim based on a third-party visitor's interactions with a student in a university residence hall).

Jane objects (though she does not offer an alternative standard to apply), arguing that her case should not be analyzed under the *Davis* student-on-student standard because discovery has not yet revealed whether J.P. was a URI student or employee. Whatever discovery reveals, the answer to that question undercuts Jane's position here – if J.P. were a student, the Court would apply the *Davis* standard. If J.P. was not affiliated with URI, there is no caselaw indicating that Title IX applies at all.[3] Finding URI's arguments and the Third Circuit's reasoning in *Hall* persuasive, the Court will apply the *Davis* standard here to resolve the substance of URI's motion.

---

[3] In fact, in laying out the Title IX elements in *Porto*, the First Circuit does list that a plaintiff must show that the sexual harassment was "by a school peer." *Porto*, 488 F.3d at 72. Also, *Davis* held that a plaintiff not only had to show that the recipient was "deliberately indifferent to known acts of [] sexual harassment" but also had to show that "the harasser is under the university's disciplinary authority." *Davis*, 526 U.S. at 646-47. The latter requirement lends itself to the conclusion that the harasser needs to be a school peer who the funding recipient has the authority to control and discipline.

URI argues that the Court should dismiss Jane's Title IX claim on the pleadings because her allegations do not support any plausible basis to impose liability upon URI. Specifically, URI argues that the single incident of voyeurism does not constitute pervasive harassment such that Jane's claim fails on the first element. The Court agrees.

Jane must allege first that she was subject to "'severe, pervasive, and objectively offensive' sexual harassment by a school peer." *Porto*, 488 F.3d 72 (quoting *Davis*, 526 U.S. at 650). In Count V,[4] Jane alleges a single voyeurism incident, not a pervasive environment of sexual harassment. A single incident is typically insufficient to impose Title IX liability. *Doe v. Brown Univ.*, 505 F. Supp. 3d 65, 76 (D.R.I. 2020) (citation omitted); *see also Davis*, 526 U.S. at 652-53 ("we think it unlikely that Congress would have thought such behavior [a single instance of peer harassment] sufficient to rise to this level [that required to impose institutional liability] in light of the inevitability of student misconduct and the amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on one peer harassment."). *See also Stand With US Ctr. for Legal Just. v. Massachusetts Inst. of Tech.*, 158 F.4th 1, 21 (1st Cir. 2025) (stating

[4] As for the remaining elements of a well-pled Title IX claim, Jane also has not pled that URI's response to her reporting of the single incident was deliberately indifferent, or that URI's response caused her to be subjected to further harassment or made her vulnerable to its reoccurrence. Nothing in her complaint plausibly suggests the URI responded in a manner "clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 648.

that it is unlikely that a single instance of one-on-one peer harassment can satisfy pervasiveness requirement in *Davis*).

The First Circuit did contemplate that a single incident could be actionable as Title IX sexual harassment in *Fitzgerald v. Barnstable School Comm.*. In that case, the court held that single incident liability would not occur frequently, and that singular incident would have to be "vile enough and the institution's response, after learning of it, unreasonable enough to have the combined systemic effect of denying access to a scholastic program or activity." 504 F.3d 165, 172-73 n.3 (1st Cir. 2007) (citing *Davis*, 526 U.S. at 652-53). Jane's claim based on a single incident of voyeurism does not come close to the scenario contemplated in *Fitzgerald*.

Not only does she not allege that this happened more than once, but she also does not allege that she has ever been subjected to any further sexual harassment at URI by J.P. or anyone else at the university. She does not allege that she ever encountered J.P. on campus after the incident. And while her allegations detail a horrific incidence of voyeurism and a violation of her privacy, she does not allege that URI's response was unreasonable such that the two together had the effect of violating Title IX. She alleges that URI's Police Department immediately began an investigation in conjunction with the South Kingstown Police Department. ECF No. 30 ¶¶ 27, 29-30. J.P. was arrested and subject to criminal proceedings in the Rhode Island Superior Court. *Id.* ¶ 30. Jane does allege that URI's Title IX Office refused to respond to her claim because, as URI argues here, it did not believe that her claim fell under that Office's purview, but that alone does not allege an

unreasonable response–especially in light of the way she alleges URI did handle the incident. Therefore, without the required showing of "pervasiveness" or allegations of URI's unreasonable response, Jane does not state a plausible Title IX claim against URI under *Davis* and its progeny.

### B. Supplemental Jurisdiction

Because the Court has dismissed the only federal claim in Jane's case, the Court no longer has original jurisdiction so must decide whether it will retain the state-law claims under supplemental jurisdiction. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). This case is in its initial stages so the Court declines to retain supplemental jurisdiction and dismisses Jane's state-law claims without prejudice.

## IV. CONCLUSION

Title IX is not the proper legal vehicle for the travel of Jane Doe's claims. Her legal redress, if proven, rests upon her state-law claims. For all these reasons, the Court GRANTS URI's Motion to Dismiss the Title IX claim, Count V, with prejudice. ECF No. 33. Without a federal claim or diversity jurisdiction, the Court declines to exercise supplemental jurisdiction over Jane's remaining state-law claims. Counts I, II, III, IV, VI, VII, and VIII are dismissed without prejudice.

IT IS SO ORDERED.

***/s/John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

September 8, 2026